S ART AIN, Judge
(dissenting from refusing to grant rehearing).
I must respectfully dissent from the refusal of the majority, acting en banc, to grant a rehearing in the above entitled and numbered cause. At the outset I wish to state that the position I take relative to the present application for a rehearing does not mean that I disapprove of the actions of my colleagues when they dismissed the appeal as the facts were then presented to them. However, I think it is wrong now to say that we will not review that decision in light of further explanation of those facts.
There is really no disagreement over the facts as set forth in appellant’s application for a rehearing wherein the following is stated :
“ * * * On the morning of April 1, 1968, prior to the convening of court, the attorney for the Department of Highways called the Clerk of Court of this Court on the telephone and advised the Clerk that he knew he could not argue the case so he was not going to come over to the hearing but that he did not intend to abandon the appeal and he would file a brief later that day. The attorney then requested that the Clerk so advise the Court, and the Clerk said ‘okay’. The Clerk did not say that it would not be acceptable. The fact is the Clerk did not know that the attorney represented the appellant. The Clerk has advised the undersigned that, if he had known that the attorney calling represented the appellant, he probably would have advised him that the attorney should be present in person. Although his conclusion was apparently not founded on facts, the attorney has advised the undersigned that he thought the telephone call was sufficient and he proceeded to complete his brief and did file it with the Court in the afternoon of that same day.”
Admittedly, it is not the Clerk’s responsibility to interpret the rules of this court for the attorneys. Neither is a request made to the Clerk by telephone an application to the court for the exercise of certain privileges which may only be granted by the court. However, it is clear to me that there was an honest misunderstanding on the part of attorney for defendant-appellant and the Clerk with respect to the former’s request for permission to file its brief on the day of the hearing. The misunderstanding, such as it was, clearly indicates to me an intention not to abandon the appeal.
I feel secure in the belief that had counsel for appellant been present in court to *854 make the request, it would have been granted. Appeals are favored in law and because of the particular facts of this case, I am constrained to say that Rule VII, Section 5(b), of the Uniform Rules, Courts of Appeal, 8 LSA-R.S., which is permissive, has been too strictly applied by the refusal of the majority to grant a rehearing.
En Banc. Rehearing Refused.
SARTAIN, J., dissents from the refusal to grant a rehearing, with written reasons.
ELLIS, J., dissents from the refusal to grant a rehearing.